**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **TOPS MARKETS, LLC,** ) | **CASE NO. 1:07 CV 1620** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **BROOKGATE ASSOCIATES, LLC,** ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| **Defendant.** ) | |

This matter is before the Court upon the Motion to Deposit Rents with the Court Instanter (Docket #6) filed by Plaintiff, Tops Markets, LLC, on June 1, 2007.  Plaintiff seeks to deposit rent payments due under the Lease Agreement entered into between Plaintiff and Defendant, Brookgate Associates, LLC, pending a determination of its lease rights pursuant to its demand for declaratory judgment.

Plaintiff filed its Complaint on June 1, 2007 (Docket #1), alleging that Defendant's alleged refusal to consent to Plaintiff's proposed assignment of the Lease constitutes a material breach and default of the Lease Agreement, for which Plaintiff seeks declaratory judgment, injunctive relief and money damages.  Plaintiff seeks to deposit all its rent and charges into the Court during the pendency of

this lawsuit. Defendant opposes Plaintiff's Motion to Deposit Rents with the Court, arguing there is no case law or statutory basis for such a request. Further, Defendant refers to the terms of the Lease Agreement, arguing that regardless of the allegations in the Complaint, Plaintiff's obligation to pay rents under the terms of the Lease Agreement is not abrogated. (Docket #14.)

Fed. R. Civ. P. 67, "Deposit in Court," sets forth the circumstances under which a party may seek to deposit money with the court. Rule 67 provides, in part, as follows:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing . . .

In this case, there is no real dispute concerning the rent and charges under the Lease Agreement. Rather, there is a dispute as to the underlying contract and Plaintiff's attempt to assign its rights and obligations under the Lease Agreement. When there is no real dispute concerning the funds themselves, courts have declined to allow a party to deposit monies into court. *See Prudential Insurance Co. of Amer. v. BMC Industries, Inc.*, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986); *Baxter v. United Forest Products Co.*, 406 F.2d 1120, 1126 (8th Cir. 1969).[1]

---

[1]

Rule 67 "is not intended to allow a party to deposit monies into court to avoid a breach of contract or create a fund to secure the satisfaction of a prospective judgment." *Dinkins v. General Aniline & Film Corp.*, 214 F. Supp. 281, 283 (S.D.N.Y. 1963); 6 Moore's Federal Practice, § 67.02 at 67-3 to 67-5." *AC-Berwick Transporters, Inc. v. Sendell*, 176 N.J. Super. 339, 341 (1980). "The deposit of a sum of money into court is not to be used to circumvent the stringent prerequisites for seizure or attachment of a defendant's assets. (Citation omitted.) If the court permitted this deposit it would be prejudging the merits of this controversy. For this and the foregoing reasons, I will not permit plaintiffs to deposit these installment payments into court." *Dinkins*, 214 F. Supp. at 283.

In *Baxter v. United Forest Products Co.*, 406 F.2d 1120, the plaintiff affirmed a contract and sued for damages, but at the same time sought to utilize Rule 67 to avoid having to

Plaintiff's reliance upon Chapter 5321 of the Ohio Revised Code is misplaced.  While the Court recognizes the common practice of depositing rents with the Court in a residential lease dispute, Ohio Revised Code Chapter 5321, entitled Landlords and Tenants, applies to residential premises, not commercial properties.  Further, the Federal interpleader statue, 28 U.S.C. § 1335, has no application under the circumstances in this case.  Statutory interpleader is a procedure whereby a stakeholder deposits tangible property or money with the court for the purpose of determining the claims of two or more adverse claimants of diverse citizenship.  The case filed by Plaintiff is a breach of contract case, and Plaintiff and Defendant are the adverse Parties.  Further, as stated above, the lawsuit is not based upon a common claim to the rent and charges under the Lease Agreement, but Plaintiff's alleged right to assign its rights and obligations under the Lease Agreement.  Accordingly, 28 U.S.C. § 1335 is inapplicable.

## Conclusion

Based on the foregoing, Plaintiff's Motion to Deposit Rents With the Court Instanter (Docket #6) is hereby DENIED.

IT IS SO ORDERED.         s/Donald C. Nugent
                          DONALD C. NUGENT
                          United States District Judge

DATED: 7/23/2007

---

fulfill its obligation to make payments to the defendant pursuant to the contract.  The court held that it would be inappropriate to construe Rule 67 as a means of altering the legal rights and duties of each party.